United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN H. and ALEX H.,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE SHIELD OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 17-cv-03095-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY ADJUDICATION RE: STANDARD OF REVIEW; DIRECTIONS TO PARTIES**<br><br>Re: Dkt. No. 73 |

Before the Court is plaintiffs Brian H. and Alex H.'s "Motion for Partial Summary Adjudication re: Standard of Review," filed August 24, 2018, by which motion plaintiffs ask the Court to review de novo, rather than for an abuse of discretion, a decision to deny them benefits under an ERISA plan. Defendants[1] have filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

1. The ERISA plan here at issue, the Blue Shield PPO Health Plan (hereinafter, "the Plan"), contains language sufficient to grant Blue Shield, the plan administrator, discretionary authority to determine eligibility for and entitlement to benefits thereunder. (See Administrative Record (hereinafter "AR") at BSC000059 (providing

---

[1] Defendants are California Physicians' Service dba Blue Shield of California (hereinafter, "Blue Shield"); Trinet Group, Inc. Section 125, Section 129, and Flexible Spending Account Plan; and Trinet Group, Inc.

"Blue Shield shall have the power and authority to construe and interpret the provisions of this Plan, to determine the Benefits of this Plan and determine eligibility to receive Benefits under this Plan")); [2] see also, e.g., Bergt v. Ret. Plan for Pilots Employed by Markair, Inc., 293 F.3d 1139, 1142 (9th Cir. 2002) (holding plan "unambiguously" gave "broad discretion" to plan administrator by granting plan administrator "'power' and 'duty' to 'interpret the plan and to resolve ambiguities, inconsistencies and omissions' and to 'decide on questions concerning the plan and the eligibility of any Employee'").

2. Contrary to plaintiffs' argument, § 10110.6 of the California Insurance Code, which precludes enforcement of a discretionary clause in a "policy . . . that provides or funds life insurance or disability insurance coverage," see Cal. Ins. Code § 10110.6(a), is not applicable, as the Plan provides health insurance. (See AR at BSC 000021); Bain v. United Healthcare Inc., 2016 WL 4529495, at *9 (N.D. Cal. Aug. 30, 2016) (holding "Section 10110.6 does not void the discretionary clause" where coverage is provided by "a health care service plan and not a disability insurance policy").[3]

3. Contrary to plaintiffs' argument, the "ultimate decisionmaker" (see Mot. at 6:6) was not Blue Shield's Mental Health Administrator (hereinafter, "MHSA"), to which discretionary authority arguably has not been granted. Although the initial decision denying plaintiffs' claims was made by MHSA (see AR at BSC000022, BSC000825-26), the final decision was made by Blue Shield (see id. at BSC000060-61, BSC000827-28, BSC001740-42), to which, as discussed above, discretionary authority has been granted.[4]

---

[2] While not conceding the above-quoted language suffices to grant discretionary authority, plaintiffs have not argued to the contrary.

[3] Although one district court has held a health plan's discretionary clause void under § 10110.6, see Mahlon D. v. Cigna Health & Life Ins. Co., 291 F. Supp. 3d 1029, 1031, 1033 (N.D. Cal. 2018) (finding "health insurance is a form of disability insurance for purposes of the California Insurance Code"), the Court finds the reasoning set forth in Bain more persuasive. See Bain, 2016 WL 4529495, at *7-9.

[4] Contrary to plaintiffs' argument, raised for the first time in their Reply, the decision by Blue Shield did considerably more than "restate the determination of MHSA"

2

4. Contrary to plaintiffs' argument, Blue Shield's decision denying plaintiffs' claims does not constitute a "gross deviation from the Plan terms" (see Mot. at 3:4-28, 4:1-4, 7:3), nor did Blue Shield "utterly fail[] to follow applicable procedures" (see id. at 7:6-7). In particular, contrary to plaintiff's argument, nothing in the Plan precludes Blue Shield from applying the "Magellan Medical Necessity Criteria Guidelines" in determining whether services are "medically necessary" under the Plan. (See AR at BSC000067-68 (broadly defining "Medically Necessary")); see also Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 971 (9th Cir. 2006) (holding de novo review applies "[w]hen an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan").

5. Contrary to plaintiff's argument, the existence of a structural conflict of interest, i.e. where, as here, the same entity "acts as both the plan administrator and the funding source for benefits," see Abatie, 458 F.3d at 965, does not require the Court to review Blue Shield's denial of plaintiffs' claims with "heightened skepticism" (see Reply at 8:8-10). Rather, although a structural conflict should be weighed as a "factor" in determining whether a plan administrator has abused its discretion, see Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 115 (2008), courts need not accord such factor significant weight in the absence of evidence of bias. See Abatie, 458 F.3d at 968 (holding level of skepticism by which court views decision by administrator with structural conflict "may be low" if conflict "unaccompanied, for example, by any evidence of malice, of self-dealing, or of a parsimonious claims-granting history"). At this stage of the proceedings, no such additional evidence has been offered.

**CONCLUSION**

For the reasons set forth herein, plaintiffs' motion is hereby DENIED. The Court, taking into account all relevant factors, will review Blue Shield's decision for abuse of discretion.

---

(see Reply at 9:17). (See AR at BSC 001740-41, BSC002182-89.)

In light of the above, the parties are hereby DIRECTED to submit, no later than November 16, 2018, a proposed schedule for the filing of their respective briefs and hearing on the merits.

**IT IS SO ORDERED.**

Dated: November 1, 2018

MAXINE M. CHESNEY
United States District Judge