IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN H. & ALEX H., <br> Plaintiffs, <br> v. <br> BLUE SHIELD OF CALIFORNIA, et al., <br> Defendants. | Case No. 17-cv-03095-MMC <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT; GRANTING DEFENDANTS' CROSS-MOTION FOR JUDGMENT** <br><br> Re: Dkt. Nos. 81, 85 |

Before the Court are two motions: (1) Motion for Judgment, filed December 21, 2018, by plaintiffs Brian H. and Alex H.; and (2) Cross-Motion for Judgment, filed January 23, 2019, by defendant California Physicians' Service dba Blue Shield ("Blue Shield").[1] The matter came on regularly for hearing on August 2, 2019. David M. Lilienstein of DL Law Group appeared on behalf of plaintiffs. Joseph E. Laska of Manatt, Phelps & Phillips, LLP appeared on behalf of defendants.

Having read and considered the parties' respective written submissions and the arguments of counsel at the hearing, the Court, for the reasons stated on the record at the hearing, rules as follows:

1. The evidence presented does not support plaintiffs' contentions that, in denying plaintiffs' claims for benefits under the Blue Shield PPO Health Plan: (a) Blue Shield failed to specify, or make available on plaintiffs' request, the guidelines on which it relied

---

[1] Although the cross-motion is also brought on behalf of Trinet Group Inc. Section 125, Section 129, and Flexible Spending Account Spending Plan ("Trinet Plan"), and Trinet Group, Inc. ("Trinet Group"), judgment in favor of those defendants was entered on March 12, 2019.

in evaluating plaintiffs' claims; (b) Blue Shield failed to provide specific reasons for denying plaintiffs' claims; (c) Blue Shield provided inconsistent and changing grounds for denying plaintiffs' claims; or (d) Blue Shield's reliance on the reports and opinions of its medical reviewers was improper.

2. Plaintiffs have not submitted admissible evidence as to the "generally accepted professional standard[]" (see AR BSC000394) used for treating mental health disorders in adolescents and, consequently, have not shown the guidelines used by Blue Shield to evaluate plaintiffs' claims were inconsistent with any such standard, or that the residential mental health treatment services received by Alex H. were in keeping with any such standard.

In light of the above, the Court finds Blue Shield, in denying plaintiffs' claims, did not "(1) render[] a decision without explanation, (2) construe[] provisions of the plan in a way that conflicts with the plain language of the plan, or (3) rel[y] on clearly erroneous findings of fact," see Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan, 410 F.3d 1173, 1178 (9th Cir. 2005), and, consequently, finds Blue Shield did not abuse its discretion in rendering such decision.

Accordingly, plaintiffs' Motion for Judgment is hereby DENIED and defendants' Cross-Motion for Judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: August 7, 2019

MAXINE M. CHESNEY
United States District Judge