IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN H., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03095-MMC<br><br>**ORDER OVERRULING PLAINTIFFS' OBJECTION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S BILL OF COSTS**<br><br>Re: Dkt. No. 123 |

　　Before the Court is plaintiffs' Objection, filed September 4, 2019, "to defendant California Physicians' Service dba Blue Shield of California's ["Blue Shield"] Bill of Costs." Blue Shield has filed a Response thereto. Having read and considered the parties' respective written submissions, the Court rules as follows:

　　Plaintiffs contend Blue Shield "improperly relied on Federal Rule of Civil Procedure 54(d)(1), rather than the governing ERISA statute 29 U.S.C. 1132(g)." (See Pls.' Obj. at 1:26-27). Contrary to plaintiffs' argument, however, the Ninth Circuit, in Quan v. Computer Sciences Corp., has found Rule 54(d)(1) is not supplanted by § 1132(g). See Quan, 623 F.3d 870, 888 (9th Cir. 2010), abrogated on other grounds, Fifth Third Bancorp v. Dudenhoeffer, 573 U.S. 409 (2014) (holding "Rule 54(d)(1) applies" where prevailing party in ERISA case seeks award of taxable costs).

　　Further, although a "district court need not give affirmative reasons for awarding costs" under Rule 54(d), see id. (internal quotation and citation omitted), the Court has considered the factors relevant to such determination and finds none have been shown to weigh against an award of costs in the relatively limited amount sought here. See id. at 888-89 (holding "grounds for denying costs include (1) a losing party's limited financial

resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.") (internal quotations and citation omitted).

Lastly, to the extent plaintiffs rely on Hummel v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1980), the Court finds the factors listed therein, insofar as they differ from those listed in Quan, reflect considerations where a party, unlike here, makes a claim under § 1132(g)(1), which, unlike Rule 54(d), provides for an award of attorneys' fees and a broad range of costs. See id. at 452-53 (setting forth as factors to consider in award under § 1132(g) "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions") (internal citations omitted).

Accordingly, plaintiffs' Objection to Blue Shield's Bill of Costs is hereby OVERRULED, and, no other objections having been raised, the Clerk of Court is hereby DIRECTED to tax costs in accordance with the above-referenced Bill of Costs. See Civil L.R. 54-2(a) (providing "[w]ithin 14 days after service" of bill of costs, opposing party "must serve and file any specific objections to any item of cost claimed").

**IT IS SO ORDERED.**

Dated: September 26, 2019

MAXINE M. CHESNEY
United States District Judge